# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CAROLYN YOUNG, AS MOTHER OF ) | |
| MURRAY LEE ASBERRY, ) | |
| DECEASED, DELORES YOUNG ) | |
| AND NAOMI WINCE, ) | Cause No. |
| ) | |
| Plaintiffs, ) | |
| ) | Division |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| CITY OF CHARLESTON, MISSOURI, ) | |
| THE CITY OF CHARLESTON ) | |
| POLICE DEPARTMENT, ) | |
| ROBERT HEARNES, JR., ) | |
| INDIVIDUALLY ) | |
| AND AS CHIEF OF THE POLICE OF ) | |
| CHARLESTON POLICE ) | |
| DEPARTMENT, AND ) | |
| BRIAN K. BICKFORD, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COME NOW Plaintiffs Carolyn Young, as Mother of Murray Lee Asberry, Deceased, Delores Young and Naomi Wince, by and through their undersigned counsel of record, and for their cause of action against the above-named Defendants state as follows:

## JURISDICTION AND VENUE

1.     This Complaint arises under 42 U.S.C. §1983 and 28 U.S.C. §1367 and includes pendant State common law and statutory claims.

2.     This cause of action arises out of events which occurred within the City of Charleston, County of Mississippi, State of Missouri, within the jurisdiction and venue of this Court.

3. All Plaintiffs to this cause of action are residents of the County of Mississippi, State of Missouri.

4. All Defendants to this action are residents of the County of Mississippi, State of Missouri.

5. That at all material times hereto, Murray Lee Asberry was a disabled adult residing in the City of Charleston, Missouri.

6. That at all material times hereto, Carolyn Young was Murray Lee Asberry's natural mother and a resident of the City of Charleston, Missouri.

7. That at all times material hereto, Delores Young and Naomi Wince were the sisters of Murray Lee Asberry and were residents of the City of Charleston, Missouri.

8. On or about November 8, 2011, Defendant Robert Hearnes, Jr. (hereinafter "Hearnes") was Chief of Police of Charleston Police Department, in Charleston, Mississippi County, Missouri.

9. On or about November 8, 2011, Brian K. Bickford (hereinafter "Bickford") was a police officer employed by the City of Charleston, State of Missouri and acting as a police officer with the Charleston Police Department.

10. At all times relevant to this action the City of Charleston was a municipal corporation which engaged, amongst other things, in the operation and control of a Police Department, and was the employer of Hearnes and Bickford.

11. That the City of Charleston, by and through Hearnes, and/or the Charleston Police Department, employed Bickford as a police officer, and bestowed upon him the powers, duties, obligations, and capacity for deadly force attendant thereto, despite the knowledge that

Bickford had a known propensity for violence, a known disregard for the civil rights of citizens, and a known bias against minorities, including but not limited to African Americans.

12. That on or about November 8, 2011, Hearnes, Bickford, Brenda Bickford (who upon information and belief is the mother of Brian Bickford and is also some form of public safety officer with the City of Charleston), and Police Officer Percy Owens arrived at the home and residence of Murray Lee Asberry and attempted to take Mr. Asberry into custody for unknown reasons.

13. Murray Lee Asberry was a mentally disabled adult, known to both Hearnes and Officer Owens.

14. Both Hearnes and Officer Owens were familiar with Mr. Asberry's developmental difficulties, psychiatric condition, and limited cognitive and emotional capacity.

15. That on or about November 8, 2011, the above-referenced law enforcement personnel flushed Mr. Asberry from his residence, and chased him into the street in front of his home and confronted him in the street.

16. That at such time, Officer Owens drew and fired his tazer weapon, stunning Mr. Asberry and dropping him to his knees.

17. That at such time, while Mr. Asberry was partially or completely on the ground and engaged in no offensive or aggressive behavior, Bickford drew his weapon and fired twice, fatally wounding Mr. Asberry.

18. That at such time, Mr. Asberry's sisters Delores Young and Naomi Wince were present within the zone of danger, witnessed the above-referenced fatal shooting of their brother, Murray Lee Asberry, and narrowly avoided fatal injuries at the hands of Bickford themselves.

19. That subsequent to the shooting, no member of the City of Charleston Police Department, including but not limited to the above-named Defendants, as well as Officer Owens, and Brenda Bickford, approached, examined, or provided care for Mr. Asberry.

20. That, subsequent to the shooting, no agent or employee of the City of Charleston, including the above-referenced police officers, made any effort to assess Murray Lee Asberry's physical status, vital signs, injuries, or condition, and merely stood back and allowed him to die.

21. That at the time of his death, Murray Lee Asberry was not charged with any crime, had no outstanding warrants, was not engaged in any aggressive behavior, was not posing a threat of injury to himself or others, and was, in fact, retreating and/or surrendering to the above-referenced officers.

## COUNT I

COME NOW the above-referenced Plaintiffs, and for Count I of their Complaint against Defendants would state as follows:

22. Plaintiffs repeat and reallege the material allegations of Paragraphs 1 through 21 hereinabove and incorporate the same herein by reference for all purposes.

23. The use of deadly force by Defendant Bickford against Murray Lee Asberry was excessive and in violation of 42 U.S.C. 1983 and demonstrated the violation of Murray Lee Asberry's rights pursuant to the United States Constitution.

24. That the City of Charleston, the Charleston Police Department, and Chief Hearnes, individually and acting as the Chief of Police of Charleston, had actual knowledge of the dangerous propensity of Defendant Bickford, of his propensity to violate the Constitutional

rights of citizens, of his dangerous and violent behavior, and with his animosity towards and bias against minorities, including but not limited to African Americans, and despite such knowledge hired Defendant Bickford and bestowed upon him the powers and authorities of a police officer, and subjected the citizens of Charleston, including but not limited to the Plaintiffs and the decedent, to Bickford.

25. That action of all such Defendants were so outrageous as to show a clear and utter indifference to the rights of the decedent Murray Lee Asberry and of the Plaintiffs.

WHEREFORE, for the above stated reasons, Plaintiffs Carolyn Young, as Mother of Murray Lee Asberry, Deceased, Delores Young and Naomi Wince respectfully request that this Court enter judgment in their favor and against each and every Defendant in an amount exceeding the jurisdictional minimums of this Court, together with punitive damages in such amount as to be, in fact, punitive and act as a deterrent to these Defendants and others similarly situated from engaging in like conduct in the future, together with costs, attorneys' fees, interest and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT II

COME NOW the above-referenced Plaintiffs, and for Count II of their Complaint against Defendants would state as follows:

26. Plaintiffs repeat and reallege the material allegations of Paragraphs 1 through 25 hereinabove and incorporate the same herein by reference for all purposes.

27. That Plaintiffs Naomi Wince and Delores Young were present at the time of the above-referenced events, and were in physical proximity to Defendants Hearnes and Bickford at

5

the time of the fatal shooting of Plaintiffs Young and Wince's brother, Murray Lee Asberry.

28. That the fatal shooting of Murray Lee Asberry occurred mere feet from his sisters Delores Young and Naomi Wince, and that such Plaintiffs were placed in fear of their own lives, under circumstances where such fear was justified, and under circumstances where such fear of mortal injury was a direct result of Officer Bickford's violation of decedent's Constitutional rights, as well as all Plaintiffs' Constitutional rights.

29. That the mortal fear in which Plaintiffs Naomi Wince and Delores Young were placed would not have occurred but for the City of Charleston, by and through its Police Department and Chief Hearnes employing Defendant Bickford, and granting him the power and authority and deadly force of a police officer, and unleashing Officer Bickford upon the citizens of Charleston under circumstances where the City of Charleston, the Charleston Police Department, and Chief Hearnes knew that Officer Bickford had a dangerous and violent propensity, a propensity to violate the civil rights of its citizens, and an animosity towards and bias against minorities, including but not limited to, African Americans.

30. That as a direct and proximate result of the above-referenced acts and omissions on the part of Defendants, Plaintiffs Naomi Wince and Delores Young suffered damages in the form of severe mental anguish, terror, fear, psychological and physical pain, suffering, and disability.

31. That the above-referenced acts and omissions of Defendants were so outrageous as to show a clear and utter indifference of the rights of Plaintiffs Naomi Wince and Delores Young.

WHEREFORE, Plaintiffs Naomi Wince and Delores Young respectfully pray for judgment in their favor and against each and every Defendant in an amount exceeding the jurisdictional minimums of this Court, together with punitive damages in such amount as to be, in fact, punitive and act as a deterrent to these Defendants and others similarly situated from engaging in like behavior in the future, together with costs, attorneys' fees, interest and for such other and further relief as this Court may deem just and proper under the circumstances.

## **COUNT III**

COMES NOW Carolyn Young, and for Count III of her Complaint against Defendants would state as follows:

32. Plaintiff repeats and realleges the material allegations of Paragraphs 1 through 31 hereinabove and incorporates the same herein by reference for all purposes.

33. That Carolyn Young, as the mother of Murray Lee Asberry, deceased, avails herself of all the rights and recoveries available under the Missouri Wrongful Death Act.

34. That as a result of the death of Murray Lee Asberry as a result of the above-described acts and omissions of the Defendants, Carolyn Young and decedent suffered damages as follows:

    a. The conscious pain and suffering of Murray Lee Asberry in connection with his shooting and death; and

    b. Carolyn Young's loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support suffered by virtue of the death of Murray Lee Asberry together with reasonable funeral expenses.

35. That the above-referenced acts and omissions of the Defendants constitute

outrageous conduct or legal malice, thereby amounting to aggregating circumstances subjecting the Defendants to an award of exemplary or punitive damages.

WHEREFORE, Carolyn Young respectfully prays that this Court enter judgment in her favor and against each and every Defendant for such amount in an amount in excess of the jurisdictional minimums of this Court, together with exemplary or punitive damages in such amount as to, in fact, be punitive and to deter these Defendants and others similarly situated from engaging in like activities in the future, together with costs of Court, attorneys' fees, interest, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

MCCLOSKEY, P.C.

By: /s/ Mark T. McCloskey
Mark T. McCloskey, #36144
The Niemann Mansion
4472 Lindell Blvd.
St. Louis, Missouri 63108
Telephone: (314) 721-4000
Facsimile: (314) 721-3664
Email: mccloskeylaw@aol.com
Attorneys for Plaintiffs