# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CAROLYN YOUNG, AS MOTHER OF MURRY LEE ASBERRY, DECEASED AND AS NEXT FRIEND OF SA, A MINOR, DELORES YOUNG, NAOMI WINCE AND THE ESTATE OF MURRY LEE ASBERRY, DECEASED BY AND THROUGH CAROLYN YOUNG, PERSONAL REPRESENTATIVE, )<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CHARLESTON, MISSOURI, THE CITY OF CHARLESTON POLICE DEPARTMENT, ROBERT HEARNES, JR., INDIVIDUALLY AND AS CHIEF OF THE POLICE OF CHARLESTON POLICE DEPARTMENT, AND BRIAN K. BICKFORD,<br><br>Defendants. | Cause No. 1:12-cv-00037-SNLJ |

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs Carolyn Young, as Mother of Murry Lee Asberry, Deceased and as Next Friend of SA, a minor, Delores Young, Naomi Wince and the Estate of Murry Lee Asberry, deceased, by and through Carolyn Young, Personal Representative, by and through their undersigned counsel of record, and for their causes of action against the above-named Defendants state as follows:

## JURISDICTION AND VENUE

1. This Complaint arises under 42 U.S.C. §1983 and 28 U.S.C. §1367 and includes pendant State common law and statutory claims.

2. This cause of action arises out of events which occurred within the City of Charleston, County of Mississippi, State of Missouri, within the jurisdiction and venue of this Court.

3. All Plaintiffs to this cause of action are residents of the County of Mississippi, State of Missouri and the Estate of Murry Lee Asberry is pending within this judicial district.

4. All Defendants to this action are residents of the County of Mississippi, State of Missouri.

5. That at all material times hereto, Murry Lee Asberry was a disabled adult residing in the City of Charleston, Missouri.

6. That at all material times hereto, Carolyn Young was Murry Lee Asberry's natural mother and a resident of the City of Charleston, Missouri and is the grandmother of and the Next Friend of SA, a minor whose natural father was Murry Lee Asberry.

7. That at all times material hereto, Delores Young and Naomi Wince were the sisters of Murry Lee Asberry and were residents of the City of Charleston, Missouri.

8. Carolyn Young was appointed personal representative of the Estate of Murry Lee Asberry, deceased on August 2, 2012.

9. On or about November 8, 2011, Defendant Robert Hearnes, Jr. (hereinafter "Hearnes") was Chief of Police of Charleston Police Department, in Charleston, Mississippi County, Missouri.

10. On or about November 8, 2011, Brian K. Bickford (hereinafter "Bickford") was a

police officer employed by the City of Charleston, State of Missouri and acting as a police officer with the Charleston Police Department.

11. At all times relevant to this action the City of Charleston was a municipal corporation which engaged, amongst other things, in the operation and control of a Police Department, and was the employer of Hearnes and Bickford.

12. That the City of Charleston, itself and by and through the Charleston Police Department and Hearnes hired and employed Bickford as a police officer, and bestowed upon him the powers, duties, obligations, and capacity for deadly force attendant thereto, despite the knowledge that Bickford had a known propensity for excessive force and a known disregard and deliberate indifference for the civil rights of citizens, and bias against minorities, including but not limited to African Americans.

13. That on or about November 8, 2011, Hearnes, Bickford, Brenda Bickford (who upon information and belief is the mother of Brian Bickford and is also believed to be a public safety officer with the City of Charleston), and Police Officer Percy Owens arrived at the home and residence of Murry Lee Asberry and without legal authority or justification, attempted to take Mr. Asberry into custody by illegally and unconstitutionally invading his residence.

14. Murry Lee Asberry was a mentally disabled adult, known to Defendants.

15. Defendants had specific knowledge of Mr. Asberry's developmental difficulties, psychiatric condition, and limited cognitive and emotional capacity.

16. That on or about November 8, 2011, the above-referenced law enforcement personnel flushed Mr. Asberry from his residence by attempting to enter it and/or place substances inside the residence without a warrant in order to illegally apprehend him and/or

3

force him out of his home and thereafter confronted him as he emerged.

17. That at such time, Defendants approached Asberry and utilized taser weapon(s) to strike Asberry while he was in a defensive posture.

18. That at such time, while Mr. Asberry was in no offensive or aggressive behavior, and was in fact backing, Defendant Bickford drew his weapon and announced he was going to shoot Asberry and in fact shot him twice.

19. That at such time, Mr. Asberry's sisters Delores Young and Naomi Wince were present within the zone of danger, witnessed the above-referenced fatal shooting of their brother, Murry Lee Asberry, and narrowly avoided fatal injuries at the hands of Bickford themselves.

20. That subsequent to the shooting, the City of Charleston Police Department, including but not limited to the above-named Defendants, as well as Officer Owens, and Brenda Bickford, failed to promptly examine or provide care for Mr. Asberry.

21. That, subsequent to the shooting, no agent or employee of the City of Charleston, including the above-referenced police officers, made any effort to assess Murry Lee Asberry's physical status, vital signs, injuries, or condition, and merely stood back and allowed him to die.

22. That at the time of Defendant's announcement of an intention to shoot Murry Lee Asberry, Asberry was not charged with any crime, had no outstanding warrants, was not engaged in any aggressive behavior, was not posing a threat of injury to himself, the subject officers or others, and was, in fact, fearfully retreating from and/or attempting to surrender to the above-referenced officers.

23. That Defendants' conduct violated clearly established statutory or constitutional

Case: 1:12-cv-00037-SNLJ   Doc. #: 21   Filed: 11/26/12   Page: 5 of 17 PageID #: 122

rights of which a reasonable person would have known.

24. That the City of Charleston and its subordinate agencies and entities maintained an insurance policy for liability which provides coverage for each of the claims made herein against all Defendants.

## COUNT I

COME NOW Plaintiffs Carolyn Young, individually as Mother of Murry Lee Asberry and as Personal Representative of the Estate of Murry Lee Asberry, deceased and as Next Friend of SA, a minor and pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988 and pursuant to the Missouri Wrongful Death Act, Mo. Rev. Stat. §537.080 and for Count I of her Second Amended Complaint against Defendant City of Charleston, Missouri, by and through their agents including City of Charleston Police Department, their officers, agents and employees and Robert Hearnes, Jr. individually and as Chief of the Charleston Police Department would state as follows:

25. Plaintiff repeats and realleges the material allegations of Paragraphs 1 through 24 hereinabove and incorporate the same herein by reference for all purposes.

26. The unlawful search and seizure and subsequent use of deadly force by Defendants and its agents against Murry Lee Asberry was unconstitutional, excessive and not objectively reasonable in violation of 42 U.S.C. §1983 and demonstrated a deliberate indifference to and violation of Murry Lee Asberry's rights pursuant to the United States Constitution.

27. That any countervailing government interest at stake did not warrant the entry, search and seizure and/or subsequent force used on Murry Lee Asberry by Defendants.

28. That the City of Charleston, the Charleston Police Department, and Chief Hearnes, Jr., individually and acting as the Chief of Police of Charleston, were deliberately indifferent to or had actual knowledge of the dangerous propensities of its employees and/or agents, including but not limited to Defendant Bickford, their propensity to violate the constitutional rights of citizens, their excessively forceful and unreasonable behavior and their animosity and bias toward minorities, including but not limited to African Americans, and despite such knowledge hired, continued to employ and knowingly ratified their conduct and bestowed upon them the powers and authorities of a police officer and subjected the citizens of Charleston, including but not limited to the Plaintiffs and the decedent to such constitutional violations.

29. That Defendants' policies, procedures, customs and/or habits proximately caused the damage to Plaintiff by their deliberate or negligent a) failure to properly train, supervise and/or instruct officers; b) hiring and retention of officers; c) lack of implementation or appropriate enforcement of policies and protocols governing the actions or conduct of officers; and/or d) failure to enforce the obeyance of its policies and protocols governing officers and agents acting under color of law.

30. The actions of such Defendants were outrageous so as to show clear and deliberate indifference to the rights of the decedent, Murry Lee Asberry and of Plaintiffs, shocks the conscience of the community and amounts to aggravating circumstances.

31. That the acts hereinabove alleged caused damages to be sustained as follows:

      a.      The mental and physical pain, suffering, fear, injury and death to Murry Lee Asberry during his pursuit, tasering and shooting by Defendants; and

      b.      Plaintiffs Carolyn Young and SA's loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support suffered by virtue of the death of Murry Lee Asberry together with his reasonable funeral and burial expenses.

WHEREFORE, for the foregoing reasons, Plaintiff Carolyn Young, as Mother of Murry Lee Asberry, Deceased and as Next Friend of SA, a minor and as Personal Representative of the Estate of Murry Lee Asberry, Deceased request that this Court enter judgment in her favor and against Defendants City of Charleston, Missouri, City of Charleston Police Department and Robert Hearnes, Jr., individually and as Chief of the City of Charleston Police Department in an amount exceeding the jurisdictional minimums of this Court, together with punitive damages in such amount as to be, in fact, punitive and act as a deterrent to these Defendants and others similarly situated from engaging in like conduct in the future, together with costs, attorneys' fees, interest and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT II

COME NOW Plaintiffs Carolyn Young, individually as Mother of Murry Lee Asberry and as Personal Representative of the Estate of Murry Lee Asberry, deceased and as Next Friend of SA, a minor and pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988 and pursuant to the Missouri Wrongful Death Act, Mo. Rev. Stat. §537.080 and for Count II of her Second Amended Complaint against Defendant City of Charleston, Missouri, by and through their agents including the City of Charleston Police Department, their officers, agents and employees and Robert

Hearnes, Jr. individually and as Chief of the Charleston Police Department would state as follows:

32. Plaintiff repeats and realleges the material allegations of Paragraphs 1 through 31 hereinabove and incorporate the same herein by reference for all purposes.

33. That the use of force by Defendants and its agents against Murry Lee Asberry was unconstitutionally excessive and not objectively reasonable in violation of 42 U.S.C. §1983 and demonstrated a deliberate indifference to and violation of Murry Lee Asberry's rights pursuant to the United States Constitution.

34. That any countervailing government interest at stake did not warrant the level of force used on Murry Lee Asberry by Defendants.

35. That the City of Charleston, the Charleston Police Department, and Chief Hearnes, Jr., individually and acting as the Chief of Police of Charleston, were deliberately indifferent to or had actual knowledge of the dangerous propensities its employees and/or agents, including but not limited to Defendant Bickford, their propensity to violate the constitutional rights of citizens, their excessively forceful and unreasonable behavior and their animosity and bias toward minorities, including but not limited to African Americans, and despite such knowledge hired, continued to employ and knowingly ratified their conduct and bestowed upon them the powers and authorities of a police officer and subjected the citizens of Charleston, including but not limited to the Plaintiffs and the decedent to such constitutional violations.

36. That Defendants' policies, procedures, customs and/or habits proximately caused the damage to Plaintiff by their deliberate or negligent a) failure to properly train, supervise

and/or instruct officers; b) hiring and retention of officers; c) lack of implementation or appropriate enforcement of policies and protocols governing the actions or conduct of officers; and/or d) failure to enforce the obeyance of reasonable guidelines and protocols by officers and agents under color of law.

37. The actions of such Defendants were outrageous so as to show clear and deliberate indifference to the rights of the decedent, Murry Lee Asberry and of Plaintiffs, shocks the conscience of the community and amounts to aggravating circumstances.

38. That the acts hereinabove alleged caused damages to be sustained as follows:

    a. The mental and physical pain, suffering, fear, injury and death to Murry Lee Asberry during his pursuit, tasering and shooting by Defendants; and

    b. Plaintiffs Carolyn Young and SA's loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support suffered by virtue of the death of Murry Lee Asberry together with his reasonable funeral and burial expenses.

WHEREFORE, for the foregoing reasons, Plaintiff Carolyn Young, as Mother of Murry Lee Asberry, Deceased and as Next Friend of SA, a minor and as Personal Representative of the Estate of Murry Lee Asberry, Deceased request that this Court enter judgment in her favor and against Defendants City of Charleston, Missouri, City of Charleston Police Department and Robert Hearnes, Jr., individually and as Chief of the City of Charleston Police Department in an amount exceeding the jurisdictional minimums of this Court, together with punitive damages in such amount as to be, in fact, punitive and act as a deterrent to these Defendants and others similarly situated from engaging in like conduct in the future, together with costs, attorneys' fees, interest and for such other and further relief as this Court may deem just and proper under

the circumstances.

## COUNT III

COME NOW Plaintiffs Carolyn Young, individually as Mother of Murry Lee Asberry and as Personal Representative of the Estate of Murry Lee Asberry, deceased and as Next Friend of SA, a minor and pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988 and pursuant to the Missouri Wrongful Death Act, Mo. Rev. Stat. §537.080 and for Count III of her Second Amended Complaint against Defendant Brian K. Bickford, individually and in his official capacity on behalf of the City of Charleston would state as follows:

39.    Plaintiff repeats and realleges the material allegations of Paragraphs 1 through 38 hereinabove and incorporate the same herein by reference for all purposes.

40.    The unlawful search and seizure and subsequent use of deadly force by Defendant against Murry Lee Asberry was unconstitutional, excessive and not objectively reasonable in violation of 42 U.S.C. §1983 and demonstrated a deliberate indifference to and violation of Murry Lee Asberry's rights pursuant to the United States Constitution.

41.    That any countervailing government interest at stake did not warrant the entry, search and seizure and/or subsequent force used on Murry Lee Asberry by this Defendant.

42.    That Defendant Brian K. Bickford, individually and as agent for the City of Charleston was deliberately indifferent to and had a dangerous propensity to violate the constitutional rights of citizens, use excessive force and unreasonable behavior with animosity and bias toward minorities, including but not limited to African Americans including the Plaintiff.

43.    The action of such Defendant was outrageous so as to show clear and

deliberate indifference to the rights of the decedent, Murry Lee Asberry and of Plaintiffs, shocks the conscience of the community and amounts to aggravating circumstances.

44. That the acts hereinabove alleged caused damages to be sustained as follows:

a. The mental and physical pain, suffering, fear, injury and death to Murry Lee Asberry during his pursuit, tasering and shooting by Defendant; and

b. Plaintiffs Carolyn Young and SA's loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support suffered by virtue of the death of Murry Lee Asberry together with his reasonable funeral and burial expenses.

WHEREFORE, for the foregoing reasons, Plaintiff Carolyn Young, as Mother of Murry Lee Asberry, Deceased and as Next Friend of SA, a minor and as Personal Representative of the Estate of Murry Lee Asberry, Deceased request that this Court enter judgment in her favor and against Defendant Brian K. Bickford, individually and in his official capacity on behalf of the City of Charleston in an amount exceeding the jurisdictional minimums of this Court, together with punitive damages in such amount as to be, in fact, punitive and act as a deterrent to this Defendant and others similarly situated from engaging in like conduct in the future, together with costs, attorneys' fees, interest and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT IV

COME NOW Plaintiffs Carolyn Young, individually as Mother of Murry Lee Asberry and as Personal Representative of the Estate of Murry Lee Asberry, deceased and as Next Friend of SA, a minor and pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988 and pursuant to the Missouri

Wrongful Death Act, Mo. Rev. Stat. §537.080 and for Count IV of her Second Amended Complaint against Defendant Brian K. Bickford, individually and in his official capacity on behalf of the City of Charleston would state as follows:

45. Plaintiff repeats and realleges the material allegations of Paragraphs 1 through 44 hereinabove and incorporate the same herein by reference for all purposes.

46. That the use of force by Defendant Bickford against Murry Lee Asberry was unconstitutionally excessive and not objectively reasonable in violation of 42 U.S.C. §1983 and demonstrated a deliberate indifference to and violation of Murry Lee Asberry's rights pursuant to the United States Constitution.

47. That any countervailing government interest at stake did not warrant the level of force used on Murry Lee Asberry by Defendants.

48. That Defendant Bickford had a dangerous propensity to violate the constitutional rights of citizens, use excessively forceful and unreasonable behavior and animosity toward minorities, including but not limited to African Americans, including Plaintiff.

49. The action of Defendant was outrageous so as to show clear and deliberate indifference to the rights of the decedent, Murry Lee Asberry and of Plaintiffs, shocks the conscience of the community and amounts to aggravating circumstances.

50. That the acts hereinabove alleged caused damages to be sustained as follows:

    a. The mental and physical pain, suffering, fear, injury and death to Murry Lee Asberry during his pursuit, tasering and shooting by Defendants; and

    b. Plaintiffs Carolyn Young and SA's loss of the reasonable value of the services, consortium, companionship,

        comfort, instruction, guidance, counsel, training
        and support suffered by virtue of the death
        of Murry Lee Asberry together with his reasonable
        funeral and burial expenses.

  WHEREFORE, for the foregoing reasons, Plaintiff Carolyn Young, as Mother of Murry Lee Asberry, Deceased and as Next Friend of SA, a minor and as Personal Representative of the Estate of Murry Lee Asberry, Deceased request that this Court enter judgment in her favor and against Defendant Brian K. Bickford, individually and on behalf of the City of Charleston by and through their agents including the City of Charleston Police Department in an amount exceeding the jurisdictional minimums of this Court, together with punitive damages in such amount as to be, in fact, punitive and act as a deterrent to this Defendant and others similarly situated from engaging in like conduct in the future, together with costs, attorneys' fees, interest and for such other and further relief as this Court may deem just and proper under the circumstances.

## **COUNT V**

  COMES NOW Carolyn Young, as mother of Murry Lee Asberry, Deceased and as Next Friend of SA, a minor and for Count V of her Second Amended Complaint against Defendants City of Charleston, Missouri, by and through their agents including the City of Charleston Police Department, their officers, agents and employees, Robert Hearnes, Jr. individually and as Chief of the Charleston Police Department and Brian K. Bickford, individually and in his official capacity for the City of Charleston would state as follows:

  51. Plaintiff repeats and realleges the material allegations of Paragraphs 1 through 50 hereinabove and incorporates the same herein by reference for all purposes.

  52. That Carolyn Young, as the mother of Murry Lee Asberry, deceased, and Next Friend of SA, a minor avails herself of all the rights and recoveries available under the Missouri

Wrongful Death Act.

53. That as a result of the death of Murry Lee Asberry as a result of the above-described acts and omissions of the Defendants, Carolyn Young, SA and decedent suffered damages as follows:

      a. The mental and physical pain, suffering, fear, injury and death to Murry Lee Asberry during his pursuit, tasering and shooting by Defendants; and

      b. Carolyn Young and SA's loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support suffered by virtue of the death of Murry Lee Asberry together with reasonable funeral expenses.

54. That the above-referenced acts and omissions of the Defendants constitute outrageous conduct or legal malice, thereby amounting to aggregating circumstances subjecting the Defendants to an award of exemplary or punitive damages.

WHEREFORE, Carolyn Young on behalf of herself and all takers under the Missouri Wrongful Death Statute and as Next Friend of SA, a minor respectfully prays that this Court enter judgment in her favor and against Defendants City of Charleston, Missouri, by and through the City of Charleston Police Department, their officers, agents and employees, Robert Hearnes, Jr. individually and as Chief of the Charleston Police Department and Brian K. Bickford individually and in his official capacity for the City of Charleston for such amount in an amount in excess of the jurisdictional minimums of this Court, together with exemplary or punitive damages in such amount as to, in fact, be punitive and to deter these Defendants and others similarly situated from engaging in like activities in the future, together with costs of Court, attorneys' fees, interest, and such other and further relief as this Court deems just and proper.

**COUNT VI**

COME NOW the Plaintiffs Naomi Wince and Delores Young, and for Count VI of their Second Amended Complaint against Defendants City of Charleston, Missouri, the City of Charleston Police Department, Robert Hearnes, Jr., individually and as Chief of the Police of the Charleston Police Department and Brian K. Bickford, individually and in his official capacity on behalf of the City of Charleston would state as follows:

55. Plaintiffs repeat and reallege the material allegations of Paragraphs 1 through 54 hereinabove and incorporate the same herein by reference for all purposes.

56. That Plaintiffs Naomi Wince and Delores Young were present at the time of the above-referenced events, and were in physical proximity to Defendants Hearnes and Bickford at the time of the fatal shooting of Plaintiffs Young and Wince's brother, Murry Lee Asberry.

57. That the fatal shooting of Murry Lee Asberry occurred mere feet from his sisters Delores Young and Naomi Wince, and that such Plaintiffs were placed in fear of their own lives, under circumstances where such fear was justified, and under circumstances where such fear of mortal injury was a direct result of Defendants' violation of decedent's Constitutional rights, as well as all Plaintiffs' Constitutional rights.

58. That the mortal fear in which Plaintiffs Naomi Wince and Delores Young were placed would not have occurred but for the City of Charleston, by and through its Police Department and Chief Hearnes employing Defendant Bickford, and granting him the power and authority and deadly force of a police officer, and unleashing Officer Bickford upon the citizens of Charleston under circumstances where the City of Charleston, the Charleston Police Department, and Chief Hearnes knew that Officer Bickford had a dangerous and violent

15

propensity, a propensity to violate the civil rights of its citizens, and an animosity towards and bias against minorities, including but not limited to, African Americans.

59. That as a direct and proximate result of the above-referenced acts and omissions on the part of Defendants, Plaintiffs Naomi Wince and Delores Young suffered damages in the form of severe mental anguish, terror, fear, psychological and physical pain, suffering, and disability.

60. That the above-referenced acts and omissions of Defendants were so outrageous as to show a clear and utter indifference of the rights of Plaintiffs Naomi Wince and Delores Young, constituting aggravating circumstances.

WHEREFORE, Plaintiffs Naomi Wince and Delores Young respectfully pray for judgment in their favor and against Defendants City of Charleston, Missouri, the City of Charleston Police Department, Robert Hearnes, Jr., individually and as Chief of the Police of the Charleston Police Department and Brian K. Bickford, individually and in his official capacity on behalf of the City of Charleston in an amount exceeding the jurisdictional minimums of this Court, together with punitive damages in such amount as to be, in fact, punitive and act as a deterrent to these Defendants and others similarly situated from engaging in like behavior in the future, together with costs, attorneys' fees, interest and for such other and further relief as this Court may deem just and proper under the circumstances.

    Respectfully submitted,

    MCCLOSKEY, P.C.

    By: /s/ Mark T. McCloskey
    Mark T. McCloskey, #36144
    The Niemann Mansion

> 4472 Lindell Blvd.
> St. Louis, Missouri 63108
> Telephone: (314) 721-4000
> Facsimile: (314) 721-3664
> E-Mail: mccloskeylaw@aol.com
> Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 26, 2012 the undersigned filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

D. Keith Henson
Paule, Camazine & Blumenthal, P.C.
165 N. Meramec Avenue, Suite 110
St. Louis, Missouri 63105-3772
Telephone: (314) 727-2266
Facsimile: (314) 727-2101
E-Mail: khenson@pcblawfirm.com
Attorneys for Defendants City of Charleston, Missouri,
the City of Charleston Police Department,
Robert Hearnes, Jr., Individually and as Chief of the Police of Charleston Police Department
and Brian K. Bickford

                                               /s/ Mark T. McCloskey